# Ferch's License.

*Liquor law—Wholesale license—Bottler's license—Townships—Act of July* 30, 1897, *sec.* 1, *P. L.* 464.

The court of quarter sessions does not abuse its discretion by refusing an application for a wholesale liquor license in a township, where it appears, that, in addition to the ordinary business of a wholesaler of vinous, spirituous, malt and brewed liquors, the applicant intends to set up or conduct under cover of the same license an establishment in which the business of a bottler in all its branches is to be carried on.

Argued Oct. 25, 1904. Appeal, No. 34, Oct. T., 1904, by Charles Ferch, from order of Q. S. Lebanon Co., Jan. T., 1904, No. 106, refusing a liquor license in re application of Charles Ferch for wholesale liquor license. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for a wholesale liquor license. Before EHRGOOD, P. J.

From the record it appeared that the place for which the application was filed had been licensed for a number of years for the purpose of carrying on the business of a bottler. It was stated in the opinion of the court below that it was the intention of the applicant, if the license was granted, to carry on the

business of a wholesale dealer, and also of a bottler under the same license.

The court refused the license.

*Error assigned* was the order of the court.

*George B. Woomer*, for appellant, cited: Donoghue's License, 5 Pa. Superior Ct. 1; Berg's Petition, 139 Pa. 354; Doberneck's App., 1 Pa. Superior Ct. 637; Johnson's License, 1 Dauphin County Rep. 40; Kiehl & Kieffer's License, 15 Lanc. Law Rev. 311.

No appearance entered nor paper-book filed for appellee.

PER CURIAM, January 17, 1905:

This is an appeal from an order refusing the application of the appellant for a wholesale liquor license in a township. The statute makes a distinction, as to the fee, between such a license and a bottler's license; in townships, the fee for the latter being $125, and for the former $100: Act of July 30, 1897, sec. 1, P. L. 464. We cannot say that the court abused the discretion committed to it in taking this distinction into consideration, if it appeared, that, in addition to the ordinary business of a wholesaler of vinous, spirituous, malt and brewed liquors, the appellant intended to set up or conduct, under cover of the same license, an establishment in which the business of a bottler in all its branches was to be carried on; for which business the law requires payment of a larger fee than that imposed for the license for which he applied.

The proceedings being regular and no abuse of discretion being shown the order is affirmed.