## Stambaugh's License.

*Liquor law—Wholesale license—Bottler's license—Act of July* 30, 1897, *P. L.* 464.

The holder of a license under the Act of July 30, 1897, P. L. 464, as a wholesale dealer in vinous, spirituous, malt or brewed liquors has no right under such license to purchase beer in barrels and kegs, and transfer the beer thus purchased into bottles, and sell the same at wholesale.

Argued March 13, 1906. Appeal, No. 14, March T., 1906, by C. P. Stambaugh, from order of Q. S. Cumberland Co., making absolute rule to revoke a liquor license In re License of C. P. Stambaugh. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to revoke liquor license. Before SADLER, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Herman Berg, Jr.,* for appellant, cited : Kiehl & Kieffer's License, 15 Lanc. L. R. 311 ; Ferch's License, 27 Pa. Superior Ct. 92.

*F. E. Beltzhoover,* with him *Rupley & Brinton,* for appellee, cited : U. S. v. Stowell, 133 U. S. 1 ; Pollard's Petition, 127 Pa. 507.

OPINION BY ORLADY, J., June 30, 1906:

The appellant made application to the court of quarter sessions of Cumberland county for a license " to sell and deal in spirituous, vinous and malt liquors or any admixture thereof, in quantities not less than one quart, agreeably to the act of assembly in such cases made and provided." His petition was indorsed, " Petition and bond of C. P. Stambaugh for wholesale license," and was granted by the court under the provisions of the Act of July 30, 1897, P. L. 464, the license fee being $200. Soon thereafter, he engaged in the bottling of malt and brewed liquors, and sold them in bottled form. One of the sureties on his bond presented a petition to the court of quarter sessions, alleging these facts, and averring that he became surety on the bond upon the understanding, belief and representation that Stambaugh would engage in the sale of vinous, spirituous liquors only as a wholesaler.

A rule was granted to show cause why the license should not be revoked, and after an answer was filed, in which it was admitted that he was engaged in the business of bottling beer, but contended that he was not violating the law in so doing, the court made the rule absolute. This appeal was taken and the question involved, as stated by the appellant, is " Whether the holder of the license under the act of 1897 as a wholesale dealer in vinous, spirituous, malt or brewed liquors, has the right under the license to purchase beer in barrels and kegs and transfer the beer thus purchased into bottles and sell the same by wholesale."

The act of 1897, under which this license was granted, is entitled, " An act to provide revenue and regulate the sale of malt, brewed, vinous and spirituous liquors, or any admixture thereof," and was approved by the governor for the sole reason that it was a revenue measure. It classifies brewers, who manufacture beer, into eighteen different grades; the amount of the license fee to be paid being regulated by the annual production of the preceding year; and distillers, into eleven different grades, under similar regulations, as to the annual license fee to be exacted. A wholesale dealer in vinous, spirituous, malt or brewed liquors, or any admixture thereof is required to pay " In cities of first and second class, the sum of $1,000; in cities of third class, and all other cities the sum of $500 ; in

boroughs the sum of $200 and in townships the sum of $100."
Rectifiers, compounders, storekeepers or agents, not included
in the classification for license purposes are required to pay
an annual fee which is regulated by the location of their store,
office, or place of business, whether in cities, boroughs or town-
ships.

By a separate paragraph it is provided, " Each bottler or
bottling establishment shall pay for the use of the common-
wealth, an annual license fee as follows : In cities of the first
and second class the sum of $500 ; in cities of the third class
and other cities, the sum of $350; in boroughs the sum of
$250, and in townships the sum of $125. The contention of
the appellant means that, after receiving a wholesale license
in the borough of Carlisle, for which he paid a license fee of
$200, he is entitled in addition thereto to carry on the business
of bottling in the same borough, the license fee for which is
$250.

The classification of dealers by distinct trade and commercial
titles has been observed since the earliest legislation on the
subject. In all of the earlier enactments, the sole purpose
appears to have been to raise revenue to meet the demands of
the treasury and to provide for the gradual and certain ex-
tinguishment of the debt of the commonwealth. The vendors
of distilled liquors, and wines, importers of foreign liquors,
distillers, brewers, wholesalers, rectifiers, compounders and
bottlers, were recognized as classes requiring special legislation
to determine the amount of the annual license fee required of
them.

By section 8 of the Act of April 14, 1851, P. L. 569, it was
provided that no bottler of cider, perry (pear cider) or malt
liquors who does not follow the business of tavern keeper,
shall be hereafter required to take out a license as tavern keeper.
The present system of exacting an annual license fee of the
liquor traffic has its foundation in the Act of March 31, 1856,
P. L. 200, " To regulate the sale of intoxicating liquors." By
section 32, it is provided, that no persons pursuing exclusively
the business of bottling of cider, perry, ale, porter or beer, and
not at the same time following or engaging in any way in the
business of keeping a hotel, inn or tavern, restaurant, oyster-
house, or cellar, or place of entertainment, amusement or re-

freshment, shall be required to take out a license, under the provisions of that law; but it is provided that such persons should not sell or deliver their product in less quantities than a dozen bottles at one time, or permit any of said liquor to be drunk upon the premises occupied in said business.

The third section of the act requires brewers and distillers, in any part of the state, to be returned, classed, assessed and licensed agreeably to the provisions of the act of 1849, and assessed and required to pay for their license " Double the rate or rates assessed agreeably to said act." Provided as follows : " That the same shall not in any case be less than $50.00 ; nor shall such license authorize sales by them of less than five gallons, excepting malt and brewed liquors which may be bottled and delivered in quantities not less than one dozen bottles."

By section 8 of the act of April 20, 1858, bottlers of cider, perry, ale, porter or beer, not engaged in the sale of intoxicants, or in keeping any tavern, were allowed to sell the same by bottle, without taking out license, provided that such liquor was not drunk upon the premises, or at any place provided by the seller for that purpose.

By the Act of May 13, 1887, P. L. 108, an act regulating and restraining the sale of liquors by retailers in quantities not exceeding one quart, the procedure for procuring a license was declared at length ; and by the Act of May 24, 1887, P. L. 194, entitled " An act providing for licensing of wholesale dealers in intoxicating liquors, brewers, distillers, rectifers, compounders, storekeepers and agents, having stores or offices within this commonwealth " were required to pay an annual license, regulated by their location in a city, borough or township.

That bottlers were intended to be a separate and distinct class, is shown by the third section as follows : " That all bottlers within the commonwealth shall be required to procure license from the court of quarter sessions of the respective counties in which they were located, in the manner provided for in the second section of the act, for which they shall pay the sum of $200 in cities of the first, second and third class, $100 in all other cities, boroughs, and townships. Provided, That no bottler shall be permitted to sell spirituous, vinous, malt or brewed liquors to be drunk upon the premises where sold, nor

at any place provided by such seller for that purpose." And again, by the act of June 9, 1891, in the proviso of the second section, it is stipulated that it is not lawful for any rectifier, compounder, distiller or manufacturer to sell spirituous liquors in less quantities than a gallon, or wholesale dealers or store-keepers to sell spirituous, or vinous liquors in less quantities than a quart, and brewed or malt liquors in less quantities than twelve pint bottles, nor shall any brewer or bottler sell less than twelve pint bottles of brewed or malt liquors, nor allow any liquors so sold to be drunk upon the premises where sold, nor at any place provided by such seller for that purpose.

The license granted to Stambaugh, by its very terms authorized him to sell spiritous and vinous liquors in quantities not less than one quart, and malt and brewed liquors in quantities not less than twelve pint bottles at his store in the borough of Carlisle. To secure this privilege he paid the sum exacted by the commonwealth from a wholesale dealer. The business of a bottler is entirely separate from that of a wholesale dealer, and the manifest intention of the legislature was to exact a distinctive license fee from the bottler or bottling establishment, as provided by the act of 1897, and different from that exacted from distillers, brewers and wholesale dealers. We are not called upon to explain or justify the reasoning for this enactment, but simply to interpret and enforce its declarations.

For a number of years past in Cumberland county the granting of a wholesale license has been interpreted by the court not to confer the right to engage in the business of bottling, and the interpretation, by this applicant, of the law, if announced at the time his petition was under consideration by the court, would have resulted in the refusal of his license. We held in Ferch's License, 27 Pa. Superior Ct. 92, that it was not an abuse of discretion to refuse an application for wholesale license, where, in addition to the ordinary business of a wholesaler of vinous, spirituous and brewed liquors the applicant intended to set up, or conduct under cover of the same license, an establishment in which the business of bottling in all its branches, was to be carried on. We take one step in advance of that decision, and now hold that the granting of a license to a wholesaler, under the act of 1897, for which he pays the license fee exacted of that class of dealers, does not entitle him to conduct the business of a

bottler or bottling establishment under cover of this wholesale license.

The business of bottling, under guise of his wholesale license was such an evasion of the law by Stambaugh, that it justified the court in revoking his license.

The decree is affirmed.